UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY DICK, <br><br> Plaintiff, <br><br> v. <br><br> D. SCOTT CORMAN, <br><br> Defendant. | Case No. 21-cv-07169-JSC <br><br> **ORDER RE: MOTION FOR ENTRY OF DEFAULT** <br><br> Re: Dkt. No. 21 |

Since Plaintiff filed suit on September 16, 2021, (Dkt. No. 1), Defendant has not answered or otherwise defended himself in this case. On February 28, 2022, Plaintiff moved for entry of default against Defendant. (Dkt. No. 17.) The Clerk of Court denied the motion on the grounds that service of the summons via email did not meet the requirements of California Code of Civil Procedure § 415.10, and the Court had not authorized alternative service. (Dkt. No. 18.) Plaintiff now moves the Court to direct the Clerk to enter default. (Dkt. No. 21.) Plaintiff served the motion on Defendant by email, (Dkt. No. 23), and Defendant has not filed a response.

**BACKGROUND**

On November 8, 2021, Plaintiff's counsel emailed Defendant the summons, complaint and attached exhibit, initial case management order, standing orders of this Court and district, civil cover sheet, and notification of case assignment. (Dkt. No. 8 at 2–4.) Plaintiff's counsel asked Defendant to "confirm by responding to this email that you accept service of the summons and complaint electronically." (*Id.* at 4.) "Once you have done that, we will draft the appropriate document to provide you with an extension of time to respond to the complaint." (*Id.* at 3.) Defendant responded on November 11: "As agreed on our Monday call, I willing [sic] to accept Service electronically on the basis that the process is put on hold until mid January in order to

1 accommodate the proposed payment plan we discussed." (*Id.*)  On November 22, Plaintiff's
2 counsel filed a stipulation, on behalf of both parties, to extend Defendant's deadline to respond to
3 the complaint and other case management deadlines.  (Dkt. Nos. 9, 10.)

**DISCUSSION**

Under Federal Rule of Civil Procedure 4(e), a person may be served "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(e)(1).  California courts "may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States," Cal. Civ. Proc. Code § 410.10, and thus California allows service in any way consistent with due process.  *See M. Lowenstein & Sons, Inc. v. Superior Court*, 145 Cal. Rptr. 814, 816 (Cal. Ct. App. 1978) ("Basically, the only limitation is 'fair play and substantial justice,' the constitutional requirements of due process."), *disapproved of on other grounds in Johnson & Johnson v. Superior Court*, 38 Cal. 3d 243, 255 n.7 (1985).  "The required notice is that which is reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to be heard." *Id.* at 817.

"While the California Code includes no explicit provision for service by email, it provides a broad framework for alternative means of service: 'Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served.'" *Aevoe Corp. v. Pace*, No. C 11-3215 MEJ, 2011 WL 3904133, at *1 (N.D. Cal. Sept. 6, 2011) (quoting Cal. Civ. Proc. Code § 413.30).

Here, service by email was reasonably calculated to give actual notice to Defendant. Plaintiff knew Defendant's correct email address and had apparently been in contact before.  More importantly, service by email did give actual notice.  Defendant acknowledged receipt, said he was willing to accept service by email, and participated in a stipulation related to the case.  Therefore, service by email comports with the requirements of due process.  *See, e.g.*, *United Health Servs., Inc. v. Meyer*, No. C 12–6197 CW, 2013 WL 843698, at *1–2 (N.D. Cal. Mar. 6, 2013); *Aevoe Corp.*, 2011 WL 3904133, at *1–2.

Additionally, the Court's retroactive approval of service by email that has already occurred

does not offend due process.  *See Bathija v. Vivint Wireless, Inc.*, No. 5:18-cv-04389-EJD, 2018 WL 5906546, at *3–4 (N.D. Cal. Nov. 9, 2018) (retroactively authorizing service by email because it was reasonably calculated to give actual notice and did give actual notice).  Actual notice here fulfills "the constitutional purpose of service of process."  *Id.* at *4; *see Ramos v. Homeward Residential, Inc.*, 168 Cal. Rptr. 3d 114, 120–21 (Cal. Ct. App. 2014); *see also Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) ("[W]e leave it to the discretion of the district court to balance the limitations of email service against its benefits in any particular case.").

Finally, Defendant having stipulated to extend the deadline to respond to the complaint was a general appearance sufficient to "dispens[e] with the requirement of service of process." *Dial 800 v. Fesbinder*, 12 Cal. Rptr. 3d 711, 726 (Cal. Ct. App. 2004), *as modified* (May 5, 2004) (cleaned up).  "A general appearance by a party is equivalent to personal service of summons on such party." Cal. Civ. Proc. Code § 410.50(a).

> A general appearance occurs when the defendant takes part in the action or in some manner recognizes the authority of the court to proceed.  If the defendant confines its participation in the action to objecting to lack of jurisdiction over the person, there is no general appearance.  However, a party who seeks relief on any basis other than a motion to quash for lack of personal jurisdiction will be deemed to have made a general appearance and waived all objections to defects in service, process, or personal jurisdiction.

*Dial 800*, 12 Cal. Rptr. 3d at 726 (citations omitted).  Accordingly, Defendant's participation in the stipulation, which he anticipated in his email agreeing to accept service, (Dkt. No. 8 at 3), is an alternative basis to find due process is satisfied.

## CONCLUSION

Plaintiff's motion is GRANTED; the Clerk shall enter default.

This Order disposes of Docket No. 21.

**IT IS SO ORDERED.**

Dated: April 25, 2022

JACQUELINE SCOTT CORLEY
United States District Judge

3