UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY DICK,<br><br>    Plaintiff,<br><br>v.<br><br>D. SCOTT CORMAN,<br><br>    Defendant. | Case No. 21-cv-07169-JSC<br><br>**ORDER RE: MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 28 |

Plaintiff filed suit in September 2021 with claims for breach of contract and fraud. (Dkt. No. 1.)[1] Defendant failed to appear or defend himself in this case, and the Clerk of Court entered default on April 26, 2022. (Dkt. No. 26; *see* Dkt. No. 25.) Before the Court is Plaintiff's motion for default judgment. (Dkt. No. 28.) After carefully considering the motion, which is unopposed, the Court VACATES the August 11, 2022 hearing, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS the motion as explained below.

**COMPLAINT ALLEGATIONS**

On March 16, 2018, Plaintiff loaned Defendant $300,000 to support Defendant's investment in a technology start-up. Defendant told Plaintiff he would repay the loan in a few weeks. In June 2018 and again in September 2018, Plaintiff sought payment and agreed to give Defendant more time based on Defendant's assurances that he would be able to pay in the near future. In early 2019, Plaintiff sought payment and agreed to give Defendant until March 15, 2019 based on Defendant's express assurances that he would be able to pay. The parties signed a promissory note on February 20, 2019, with an effective date of March 15, 2018. Under the note,

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  Defendant agreed to pay $300,000 in principal by March 15, 2019, with 7% interest "on the

2  unpaid principal balance . . . from the date of this Note," with the interest rate increasing to 10%

3  on March 16, 2019. (Dkt. No. 1-1 at 2–3.) The note contained a California choice-of-law clause.

4  (*Id.* at 3.) When the note came due, Defendant again failed to pay.

Plaintiff brings claims for breach of contract and fraud in the inducement/intentional

5

6  misrepresentation under California law. (Dkt. No. 1 ¶¶ 26–42.)

7  **DISCUSSION**

8  **I.    JURISDICTION AND SERVICE OF PROCESS**

9  **A.    Subject Matter Jurisdiction and Personal Jurisdiction**

10  Courts have a duty to examine both subject matter and personal jurisdiction when default

11  judgment is sought against a non-appearing party. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

12  The Court has subject matter jurisdiction on the basis of diversity. *See Caterpillar Inc. v.*

13  *Lewis*, 519 U.S. 61, 67–68 (1996); *see also Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th

14  Cir. 2002) ("With respect to the determination of liability and the default judgment itself, the

15  general rule is that well-pled allegations in the complaint regarding liability are deemed true.").

16  The well-pleaded allegations in the complaint show that the parties are diverse and the amount in

17  controversy requirement is met. (*See* Dkt. No. 1 ¶¶ 4–6.)

18  The Court may exercise personal jurisdiction over Defendant because he accepted a

19  California forum selection clause in the promissory note. (*See* Dkt. No. 1-1 at 3 ("[Defendant]

20  hereby irrevocably submits to the jurisdiction of any state or any federal court sitting in San

21  Francisco County, California, in any action or proceeding brought to enforce, or otherwise arising

22  out of or relating to, this Note . . . .").) "[P]arties may consent to jurisdiction through a forum

23  selection clause in a contract," *S.E.C. v. Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007), and there is no

24  indication that the clause is unreasonable or unfair, *see Craigslist, Inc. v. Naturemarket, Inc.*, 694

25  F. Supp. 2d 1039, 1052–53 (N.D. Cal. 2010).

26  **B.    Service of Process**

27  The Court must assess whether the defendant against whom default judgment is sought

28  was properly served with notice of the action. *See Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F.

United States District Court
Northern District of California

1 Supp. 2d 1083, 1088 (N.D. Cal. 2008).

2 The Court previously approved service by email on Defendant, (Dkt. No. 25). *See Bathija v. Vivint Wireless, Inc.*, No. 5:18-cv-04389-EJD, 2018 WL 5906546, at *3–4 (N.D. Cal. Nov. 9, 2018) (retroactively authorizing service by email because it was reasonably calculated to give actual notice and did give actual notice, fulfilling "the constitutional purpose of service of process"); *Aevoe Corp. v. Pace*, No. C 11-3215 MEJ, 2011 WL 3904133, at *1 (N.D. Cal. Sept. 6, 2011) (noting that California law allows a court to direct alternative service "in a manner which is reasonably calculated to give actual notice," including by email). Accordingly, service was proper.

## II. DEFAULT JUDGMENT

After entry of default, the Court may grant default judgment on the merits of the case. Fed. R. Civ. P. 55. "The district court's decision whether to enter a default judgment is a discretionary one," *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980), guided by the following factors:

> (1) the possibility of prejudice to the plaintiff[;] (2) the merits of plaintiff's substantive claim[;] (3) the sufficiency of the complaint[;] (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect[;] and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Here, the *Eitel* factors weigh in favor of granting default judgment.

### A. Possibility of Prejudice to Plaintiff

The first factor considers whether the plaintiff will suffer prejudice, such as being left without a legal remedy, if the Court declines to enter default judgment. Here, because Defendant did not respond to Plaintiff's complaint, Plaintiff's only recourse is default judgment. *See, e.g., Fudy Printing Co., Ltd. v. Aliphcom, Inc.*, No. 17-cv-03863-JSC, 2019 WL 2180221, at *3 (N.D. Cal. Mar. 7, 2019); *Craigslist*, 694 F. Supp. 2d at 1054–55. Therefore, this factor weighs in favor of default judgment.

### B. Merits of Substantive Claims & Sufficiency of the Complaint

The second and third factors, "often analyzed together," require the plaintiff "to plead facts sufficient to establish and succeed upon its claims." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010). After entry of default, the factual allegations in the complaint related to liability are accepted as true and deemed admitted. *Fair Hous. of Marin*, 285 F.3d at 906. "However, it follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). "The district court is not required to make detailed findings of fact." *Fair Hous. of Marin*, 285 F.3d at 906.

#### 1. Breach of Contract

Under California law, breach of contract has four elements: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Rutherford Holdings, LLC v. Plaza Del Rey*, 166 Cal. Rptr. 3d 864, 870 (Cal. Ct. App. 2014) (cleaned up).

Plaintiff sufficiently alleges that he and Defendant entered into a valid contract, (Dkt. No. 1 ¶¶ 13–14, 27; *see* Dkt. No. 1-1), that he performed by not demanding payment until March 15, 2019, (Dkt. No. 1 ¶ 28), and that Defendant breached by not paying by that date, (*id.* ¶ 29). He sufficiently alleges that he has suffered damages in the amount of the unpaid principal and unpaid interest, less $25,000 that Defendant paid after Plaintiff filed this lawsuit. (*Id.* ¶ 30; *see* Dkt. No. 28-2 ¶ 11.)[2]

#### 2. Fraud

Under California law, fraud in the inducement/intentional misrepresentation has five elements: "(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 102 P.3d 268,

---

[2] *See, e.g.*, *Baskin-Robbins Franchising LLC v. Pena*, No. 19-cv-06657-JSC, 2020 WL 2616576, at *7 (N.D. Cal. May 7, 2020) (considering declarations in analyzing second and third *Eitel* factors).

4

1   274 (Cal. 2004). In federal court, allegations of state law fraud must meet the heightened pleading

2   requirements of Federal Rule of Civil Procedure 9(b). *See Vess v. Ciba-Geigy Corp. USA*, 317

3   F.3d 1097, 1102–04 (9th Cir. 2003).

4       Plaintiff sufficiently alleges Defendant made false representations when the contract was

5   formed. Defendant agreed that he "intend[ed] to pay, and ha[d] no reason to believe that he

6   [would] be unable to pay, the full principal and interest . . . on or before March 15, 2019,"

7   although he did not intend to pay, and told Plaintiff that he was unable to pledge any security

8   interest, although he did have an interest in a start-up called Path81 that he could have pledged as

9   security. (Dkt. No. 1 ¶¶ 15–18; Dkt. No. 28-2 ¶¶ 5, 7–8.) Plaintiff sufficiently alleges Defendant

10  knew the representations were false and intended to defraud Plaintiff: Defendant agreed to

11  multiple extensions over a period of months, told Plaintiff his employer owed him money that

12  would allow him to repay what he owed, and pledged a security interest to another lender while he

13  still owed Plaintiff. (Dkt. No. 1 ¶¶ 10–13, 18–23, 34–39; Dkt. No. 28-2 ¶¶ 2–5, 7, 8.) The

14  complaint allegations and Plaintiff's declaration support an inference that he justifiably relied on

15  Defendant's misrepresentations and suffered damages. (Dkt. No. 1 ¶¶ 18, 20, 23, 25, 39–40; Dkt.

16  No. 28-2 ¶¶ 6–8.) The allegations meet Rule 9(b)'s requirements of particularity. *See Vess*, 317

17  F.3d at 1106 ("Averments of fraud must be accompanied by the who, what, when, where, and how

18  of the misconduct charged. A plaintiff must set forth more than the neutral facts necessary to

19  identify the transaction. The plaintiff must set forth what is false or misleading about a statement,

20  and why it is false." (cleaned up)); *e.g.*, *Rasmussen v. Dublin Rarities*, No. C 14–1534 PJH, 2015

21  WL 1133189, at *9 (N.D. Cal. Feb. 27, 2015).

22                                                \* \* \*

23      Plaintiff's allegations are sufficient on the merits for both claims. Therefore, the second

24  and third *Eitel* factors weigh in favor of granting default judgment.

25      **C.**    **Money at Stake**

26      The fourth factor considers the amount of money at stake in relation to the seriousness of

27  the defendant's conduct. *Eitel*, 782 F.2d at 1471–72. "Default judgment is disfavored where the

28  sum of money at stake is too large or unreasonable in light of defendant's actions." *Tech. LED*

*Intellectual Prop., LLC v. Revogi, LLC*, No. 18-CV-03827-JSC, 2019 WL 2716610, at *4 (N.D. Cal. June 27, 2019) (citation omitted). "Conversely, default judgment may be appropriate where it is tailored to the defendant's specific misconduct." *Id.* (cleaned up). Unlike liability, the Court need not accept as true complaint allegations related to damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

Plaintiff's motion seeks $402,711.47 in damages, comprised of $321,686.97 in principal and $106,024.50 in interest since the note came due on March 15, 2019, less the $25,000 that Defendant paid after Plaintiff filed this lawsuit. (*See* Dkt. No. 1-1; Dkt. No. 28-2 ¶ 11.) Plaintiff also seeks interest accrued between filing the motion and entry of this order. Finally, Plaintiff seeks $25,402 in attorneys' fees and costs.

The amount of money at stake is reasonable and tailored to Defendant's conduct because it is based on a valid contract between the parties. *See Webb v. Indigenous Glob. Dev. Corp.*, 2005 WL 1200203, No. C-04-3174 MJJ, at *4 (N.D. Cal. May 16, 2005). Therefore, this factor weighs in favor of default judgment.

### D. Possibility of a Dispute Concerning Material Facts

There is no indication that the material facts are in dispute. The well-pleaded allegations in the complaint as to liability are deemed admitted. *Geddes*, 559 F.2d at 560. In the absence of any likely factual disputes, this factor weighs in favor of default judgment.

### E. Excusable Neglect

"This factor favors default judgment where the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). Defendant was served by email in November 2021, which the Court retroactively authorized in April 2022. (*See* Dkt. No. 25.) Additionally, Defendant's partial payment after Plaintiff filed this lawsuit supports an inference that Defendant is aware of the suit and that there is no excusable neglect. (*See* Dkt. No. 28-2 ¶ 11.) Therefore, this factor weighs in favor of default judgment.

### F. Strong Policy Favoring Decisions on the Merits

"Our starting point is the general rule that default judgments are ordinarily disfavored.

Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The seventh *Eitel* factor, by definition, weighs against entering default judgment.

Here, "Defendant's failure to answer Plaintiffs' complaint makes a decision on the merits impractical, if not impossible," making default judgment appropriate notwithstanding the policy against it. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

\* \* \*

In sum, six of the seven *Eitel* factors weigh in favor of entering default judgment.

### III. REMEDIES

Plaintiff seeks $402,711.47 in damages, comprised of $321,686.97 in principal and $106,024.50 in interest since the note came due on March 15, 2019, less the $25,000 that Defendant paid after Plaintiff filed this lawsuit; interest accrued since he filed the motion for default judgment on June 30, 2022; and $25,402 in attorneys' fees and costs. (*See* Dkt. No. 1-1; Dkt. No. 28-2 ¶ 11 (Defendant's April 4, 2022 payment of $25,000).) These remedies match what the complaint demands, (Dkt. No. 1 at 8), such that Defendant is fairly on notice of his potential liability. Fed. R. Civ. P. 54(c); *see In re Ferrell*, 539 F.3d 1186, 1192–93 (9th Cir. 2008).

Under the note, "[i]f no payments have been made, the total amount due on March 15, 2019 will be $321,686.97, which includes all principal and accrued interest." (Dkt. No. 1-1 at 2.) Thus, Defendant owed $321,686.97 as of March 15, 2019. "Interest not paid when due shall thereafter bear like interest as the principal." (*Id.*) The unpaid interest capitalized as of March 15, 2019 and the sum of $321,686.97 began to accrue interest at 10%, resulting in $106,024.50 in interest as of June 30, 2022.[3] (*See id.* at 3.) Defendant's $25,000 payment was "credited first to accrued but unpaid interest." (*Id.* at 2.) Accordingly, Plaintiff has established he is owed $402,711.47 in damages as of June 30, 2022.

As to additional interest, Plaintiff has established that interest continues to accrue because Defendant has not paid the debt in full. Accordingly, Plaintiff is owed an additional $2,555.87 in damages as of the date of this order.[4]

---

[3] 1,203 days between March 16, 2019 and June 30, 2022.
[4] 29 days between June 30, 2022 and July 28, 2022.

1    As to attorneys' fees and costs:

2    [Defendant] agrees to reimburse the holder of this Note for all costs
     of collection or enforcement of this Note, whether or not suit is filed
3    (including, but not limited to, reasonable attorney fees and expenses),
     incurred by the holder.  Without limitation, such costs and fees shall
4    include fees, costs, and expenses incurred in any appeal; any
     proceedings under present or future federal bankruptcy acts; state
5    receivership fees, costs, expenses, and interest; and any court costs,
     in addition to all other sums provided by law.
6

7    (Dkt. No. 1-1 at 2.)  California law entitles a prevailing party to recover his costs, including

8    attorneys' fees if authorized by contract.  Cal. Code Civ. P. §§ 1032(b), 1033(a)(10)(A); *see id.* §

9    1033(c)(5)(A) ("Attorney's fees allowable as costs pursuant to [Section 1033(a)(10)(A)] shall be

10   fixed either upon a noticed motion or upon entry of a default judgment, unless otherwise provided

11   by stipulation of the parties."); *see also* Cal. Civ. Code § 1717 (providing that court shall award

12   attorneys' fees if authorized by contract); Cal. Code Civ. P. § 1033(c)(5)(B) ("Attorney's fees

13   awarded pursuant to Section 1717 of the Civil Code are allowable costs under Section 1032 as

14   authorized by [Section 1033(a)(10)(A)].").  Thus, Plaintiff may recover attorneys' fees and costs.

15   Plaintiff's counsel spent 80 hours on this case, which would total $44,000 at their standard

16   rates: 75 hours by senior associate Matthew Ohlheiser at $575; .4 hours by partner Fred Norton at

17   $850; 3.4 hours by senior associate Matthew Turetzky at $580; and 1.1 hours by paralegals Evan

18   Harrington and Trina Alcalan at $250.  (Dkt. No. 28-1 ¶¶ 1, 5, 7–11.)  However, Plaintiff and his

19   counsel agreed to cap fees at $25,000, and Plaintiff requests that amount.

20   The requested fees are reasonable.  *See PLCM Grp. v. Drexler*, 997 P.2d 511, 518–19 (Cal.

21   2000) (explaining that California law uses the lodestar method, which multiplied the number of

22   hours reasonably expended by the reasonable hourly rate prevailing in the community for similar

23   work).  Counsel's declaration about the general categories of work is sufficient documentation,

24   given the amount of money at issue.  *See Steiny & Co., Inc. v. Cal. Elec. Supply Co.*, 79 Cal. App.

25   4th 285, 293 (2000) ("Morley complains that Steiny failed to supply billing statements to support

26   its attorney's declaration seeking attorneys fees.  But there is no legal requirement that such

27   statements be offered in evidence.  An attorney's testimony as to the number of hours worked is

28   sufficient evidence to support an award of attorney fees, even in the absence of detailed time

records."). That Plaintiff has already paid for this work, (*see* Dkt. No. 28-1 ¶ 13), is an additional indication that the time spent was reasonable. And the rates, even without accounting for the cap arrangement, are in line with rates in this district. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008) ("District judges can certainly consider the fees awarded by other judges in the same locality in similar cases. . . . The district court's function is to award fees that reflect economic conditions in the district[.]"); *see Chen v. Chase Bank USA, N.A.*, No. 19-cv-01082-JSC, 2020 WL 3432644, at *10 (N.D. Cal. June 23, 2020) ($475-750 for attorneys); *De Leon v. Ricoh USA, Inc.*, No. 18-cv-03725-JSC, 2020 WL 1531331, at *15–16 (N.D. Cal. Mar. 31, 2020) ($675-800 for principals); *Theodore Broomfield v. Craft Brew All., Inc.*, No. 17-cv-01027-BLF, 2020 WL 1972505, at *11–12 (N.D. Cal. Feb. 5, 2020) ($475-825 for partners); *Wilson v. Red Robin Int'l, Inc.*, No. 17-cv-00685-BLF, 2018 WL 5982868, at *3 (N.D. Cal. Nov. 14, 2018) ($120-175 for paralegals).

Finally, Plaintiff's request for $402 in filing fees is reasonable and authorized by the note.

\* \* \*

In sum, Plaintiff has established that he is entitled to $405,267.43 in damages ($402,711.47 as of June 30, 2022 and an additional $2,555.87 as of July 28, 2022); $25,000 in reasonable attorneys' fees; and $402 in costs. The damages remedy both his breach of contract claim and his fraud claim, because the same conduct gave rise to both claims. *See, e.g.*, *Willamette Green Innovation Ctr., LLC v. Quartis Capital Partners*, No. 13–cv–00848–JCS, 2014 WL 5281039, at *14 (N.D. Cal. Jan. 21, 2014) ("Plaintiff may not recover more than this amount in damages because the breach of contract claim and the fraud claim are two different theories that arise from the same harm . . . ."), *report and recommendation adopted*, 2014 WL 5260921 (N.D. Cal. Apr. 10, 2014).

## CONCLUSION

Plaintiff's motion is GRANTED.

This Order disposes of Docket No. 28.

//

//

**IT IS SO ORDERED.**

Dated: July 28, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge